United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-11213
_____

KIM W. LUBKE,

Plaintiff-Appellee,

versus

CITY OF ARLINGTON, ET AL.,

Defendants,

CITY OF ARLINGTON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
No. 4:02-CV-188-Y
---------------------

### ORDER ON PETITION FOR REHEARING

Before JONES, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for rehearing is DENIED; and the mandate for our opinion filed June 30, 2006 is hereby issued.

Therefore, as we stated in that opinion, the case is remanded to the district court to recalculate damages. We note that after entry of final judgment by the district court, after the issuance of our opinion on appeal, and after the submission of a petition for panel rehearing, it was brought to this Court's attention that Lubke filed for bankruptcy on June 10, 2005. In his bankruptcy filing, Lubke did not disclose his judgment against the City of Arlington. Subsequently, a motion to revoke discharge was filed, and an agreed judgment revoking discharge has been entered in the bankruptcy court.

Citing Lubke's bankruptcy filing and nondisclosure of the judgment, the City has asked this Court to judicially estop Lubke from asserting his FMLA case on appeal. Because of the timing of Lubke's bankruptcy filing, judicial estoppel was not addressed below. And the record here is not sufficiently developed for this Court to decide the issue.

It is also ORDERED, therefore, that on remand, the district court shall determine in the first instance, with an evidentiary hearing if necessary, whether judicial estoppel applies. *See In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999).

Following the district court's determinations regarding damages and judicial estoppel, any appeal of those determinations should be returned to this panel; and we retain jurisdiction during the pendency of the remand. *See Wheeler v. City of Columbus*, 686 F.2d 1144, 1154 (5th Cir. 1982).